IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| APRIL ADDISON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FUJI VEGETABLE OIL, INC., )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff April Addison ("Plaintiff" or "Ms. Addison"), through undersigned counsel, and files this lawsuit against Defendant Fuji Vegetable Oil, Inc. ("Defendant" or "Fuji"), and for her Complaint shows the following:

**JURISDICTION AND VENUE**

1.

This court has jurisdiction over Plaintiff's claims. This is an action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. and the Equal Pay Act of 1963, 29 U.S.C § 206(d).

2.

On April 21, 2025, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") against Defendant on the basis of gender discrimination and retaliation under Title VII. On September 29, 2025, the EEOC notified Plaintiff of her right to institute this action by issuance of a "Notice of Right to Sue" (see attached Exhibit "1"). Thereafter, Plaintiff filed another Charge for Title VII retaliation regarding her post-charge retaliatory termination on July 9, 2025. On December 15, 2025, the EEOC notified Plaintiff of her right to institute this action by issuance of a "Notice of Right to Sue" (see attached Exhibit "2").

3.

Plaintiff has complied with all administrative prerequisites under the law.

4.

Venue is proper within this District because the unlawful practices complained of herein occurred within the Southern District of Georgia. Accordingly, venue lies in the United States District Court for the Southern District of Georgia under 28 U.S.C. § 1391(b).

**PARTIES**

5.

Plaintiff is a member of a protected group based on her gender and at all times relevant was employed by Defendant. Plaintiff is an employee of Defendant. Plaintiff submits herself to the Court's jurisdiction.

6.

Defendant Fuji Vegetable Oil, Inc. is a foreign profit corporation registered to do business with the State of Georgia and may be served with process through its Registered Agent, C T Corporation System, 289 S Culver St., Lawrenceville, GA, 30046-4805.

7.

Defendant at all times material hereto has conducted business within this district and is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b).

**CLAIMS FOR RELIEF**
**COUNT I - GENDER DISCRIMINTATION – TITLE VII**

8.

Plaintiff was hired by Defendant on or about August 2022 as a Truck Loader and most recently as a Shift Lead at the time of her termination.

9.

Plaintiff received merit-based pay increases on: April 3, 2023; October 2, 2023; April 1, 2024; and September 30, 2024 (promoted).

10.

Plaintiff was promoted September 30, 2024.

11.

Plaintiff was 1 of 4 Shift Leads and was the only woman.

12.

Plaintiff was the lowest paid Shift Lead because of her gender in violation of the Equal Pay Act and Title VII.

13.

The other 3 Shift Leads were all male and were compensated better based on their gender.

14.

One male Shift Lead was provided a $2.00 raise while Plaintiff only received a $0.50 raise.

15.

The pay rate of all of the male Shift Leads was significantly higher – as much as $3.00 per hour more.

16.

Plaintiff received a write up from her supervisor Jason Thomas on February 12, 2025. On the written warning it indicates that there were no other warnings.

17.

Plaintiff made an oral complaint of gender discrimination to Alexis Teixeira ("Ms. Teixeira"), Human Resources Generalist on February 18, 2025.

18.

Plaintiff's supervisor, Jason Thomas, was aware of the oral complaint.

19.

On or about February 26, 2025, Plaintiff's supervisor told Plaintiff that he was going to give her a bad evaluation because she went to HR.

20.

On or about February 26, 2025, Plaintiff immediately reported the threat regarding the evaluation to HR.

21.

On or about March 28, 2025, less than a month later, Jason Thomas followed through with his threat and gave Plaintiff a bad evaluation which affected her raise and bonus.

22.

On or about April 17, 2025, Jason Thomas suspended Plaintiff for failing to report a damaged gate while multiple other male workers and supervisors had known that the gate was damaged and were not disciplined and were treated better because of their gender.

23.

Immediately following her suspension, Plaintiff engaged in protected activity again when she filed her EEOC Charge of Discrimination on April 21, 2025.

24.

Defendant was notified of Plaintiff's protected activity of filing her April 21, 2025 Charge on April 25, 2025.

25.

Immediately after Defendant was notified of the Charge, Defendant pledged through communications with the EEOC on April 30, 2025 that they would not retaliate against Plaintiff.

26.

Defendant retaliated against Plaintiff on June 4, 2025, by providing her a coaching that male counterparts would not have been written up for and in retaliation for her protected activity.

27.

Plaintiff's June 4, 2025 write up indicated previous warnings on April 18, 2024; August 12, 2024; and March 2, 2025. However, these are completely made up and pretextual.

28.

From July 6-8, 2025, Defendant wrote Plaintiff up in quick succession for pretextual reasons.

29.

On July 8, 2025, Plaintiff was presented a final written warning.

30.

After the pretextual final warning, during Plaintiff's break at work, Plaintiff confided in Ms. Teixeira with human resources that she was exhausted and might use PTO because of the stress of the hostile and retaliatory working environment.

31.

Plaintiff changed her mind and came into work the next day – July 9, 2025.

32.

Around 11:30 am on July 9, 2025, in a crowded guard booth, Plaintiff was publicly humiliated when she was informed that she had "resigned verbally", which was false.

33.

Plaintiff was then terminated publicly in front of contractors and drivers.

34.

Defendant's actions constitute unlawful discrimination in the terms and conditions of Plaintiff's employment on the basis of her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, et seq.

## COUNT II – EQUAL PAY ACT VIOLATION(S)

35.

Plaintiff was hired by Defendant on or about August 2022 as a Truck Loader and most recently as a Shift Lead at the time of her termination.

36.

Plaintiff received merit-based pay increases on: April 3, 2023; October 2, 2023; April 1, 2024; and September 30, 2024 (promoted).

37.

Plaintiff was promoted September 30, 2024.

38.

Plaintiff was 1 of 4 Shift Leads and was the only woman.

39.

Plaintiff was the lowest paid Shift Lead because of her gender in violation of the Equal Pay Act and Title VII.

40.

The other 3 Shift Leads were all male and were compensated better based on their gender.

41.

One male Shift Lead was provided a $2.00 raise while Plaintiff only received a $0.50 raise.

42.

The pay rate of all of the male Shift Leads was significantly higher – as much as $3.00 per hour more.

43.

Plaintiff made an oral complaint of gender discrimination to Alexis Teixeira ("Ms. Teixeira"), Human Resources Generalist on February 18, 2025.

44.

Plaintiff's supervisor, Jason Thomas, was aware of the oral complaint.

45.

On or about February 26, 2025, Plaintiff's supervisor told Plaintiff that he was going to give her a bad evaluation because she went to HR.

46.

On or about February 26, 2025, Plaintiff immediately reported the threat regarding the evaluation to HR.

47.

On or about March 28, 2025, less than a month later, Jason Thomas followed through with his threat and gave Plaintiff a bad evaluation which affected her raise and bonus.

48.

The Defendant has acted willfully in failing to pay Plaintiff the same as male coworkers.

49.

The Equal Pay Act (EPA) amended the Fair Labor Standards Act (FLSA) (FLSA) and prohibits wage discrimination based on sex, requiring equal pay for men and women doing "substantially equal" work in the same workplace.

50.

Defendant subjected Plaintiff to discrimination violating Plaintiff's rights by paying her less than her male coworkers in comparable position(s) to Plaintiff's position.

51.

Defendant's actions in paying lower wages to Plaintiff, a female, than those paid to the males performing the same job(s) was and is willful and committed with reckless disregard for Plaintiff's rights to be free from discriminatory treatment on account of her gender in violation of the Equal Pay Act.

52.

The effect of Defendant's above-stated actions has been to deprive Plaintiff of equal pay for equal work, in violation of the Equal Pay Act of 1963, 29 U.S.C § 206(d) and the Fair Labor Standards Act of 1928, 29 U.S.C. §§ 201 et seq.

53.

Plaintiff is entitled to actual damages for Defendant's violations of the Equal Pay Act.

54.

Plaintiff is entitled to liquidated damages for Defendant's violations of the Equal Pay Act.

## COUNT III – TITLE VII RETALIATION

55.

Plaintiff was hired by Defendant on or about August 2022 as a Truck Loader and most recently as a Shift Lead at the time of her termination.

56.

Plaintiff received merit-based pay increases on: April 3, 2023; October 2, 2023; April 1, 2024; and September 30, 2024 (promoted).

57.

Plaintiff was promoted September 30, 2024.

58.

Plaintiff received a write up from her supervisor Jason Thomas on February 12, 2025. On the written warning it indicates that there were no other warnings.

59.

Plaintiff made an oral complaint of gender discrimination to Alexis Teixeira ("Ms. Teixeira"), Human Resources Generalist on February 18, 2025. Plaintiff's oral complaint was protected activity.

60.

Plaintiff's supervisor, Jason Thomas, was aware of the oral complaint.

61.

On or about February 26, 2025, Plaintiff's supervisor told Plaintiff that he was going to give her a bad evaluation because she went to HR.

62.

On or about February 26, 2025, Plaintiff immediately reported the threat regarding the evaluation to HR, engaging in futher protected activity.

63.

On or about March 28, 2025, less than a month later, Jason Thomas followed through with his threat and gave Plaintiff a bad evaluation which affected her raise and bonus.

64.

This materially adverse employment action on March 28, 2025 of receiving a bad evaluation which affected the terms and conditions of her employment was caused by the February 18, 2025 and February 26, 2025 protected actiity.

65.

On or about April 17, 2025, Jason Thomas suspended Plaintiff for failing to report a damaged gate while multiple other male workers and supervisors had known that the gate was damaged and were not disciplined and were treated better because of their gender.

66.

Immediately following her suspension, Plaintiff engaged in protected activity again when she filed her EEOC Charge of Discrimination on April 21, 2025.

67.

Defendant was notified of Plaintiff's protected activity of filing her April 21, 2025 Charge on April 25, 2025.

68.

Immediately after Defendant was notified of the Charge, Defendant pledged through communications with the EEOC on April 30, 2025 that they would not retaliate against Plaintiff.

69.

Defendant retaliated against Plaintiff on June 4, 2025, by providing her a coaching that male counterparts would not have been written up for and in retaliation for her protected activity of filing the Charge with the EEOC on April 21, 2025.

70.

Plaintiff's June 4, 2025 write up indicated previous warnings on April 18, 2024; August 12, 2024; and March 2, 2025. However, these are completely made up and pretextual.

71.

The June 4, 2025 write up was a materially adverse employment action.

72.

Plaintiff engaged with the EEOC and scheduled a mediation with the EEOC through its alternative dispute resolution process and the mediation was scheduled for July 9, 2025. Engaging with the EEOC to mediate the charge was protected participatory activity under Title VII.

73.

From July 6-8, 2025, just days before the mediation was scheduled, Defendant pretextually wrote Plaintiff up in quick succession for pretextual reasons resulting in materially adverse employment action(s).

74.

On July 8, 2025, Plaintiff was presented a final written warning.

75.

After the pretextual final warning, during Plaintiff's break at work, Plaintiff confided in Ms. Teixeira with human resources that she was exhausted and might use PTO because of the stress of the hostile and retaliatory working environment.

76.

Plaintiff changed her mind and came into work the next day – July 9, 2025.

77.

Around 11:30 am on July 9, 2025, in a crowded guard booth, Plaintiff was publicly humiliated when she was informed that she had "resigned verbally", which was false.

78.

Plaintiff was then terminated publicly in front of contractors and drivers.

79.

Defendant's actions constitute unlawful retaliation on the basis of Plaintiff's protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, et seq.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered in her favor awarding the following relief:

A. Enter judgment awarding Plaintiff compensatory damages, including general damages for garden variety mental and emotional suffering caused by Defendant;

B. Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

C. Damages for lost wages and benefits and prejudgment interest thereon;

D. Liquidated damages for violations of the Equal Pay Act;

E. Reasonable attorneys' fees and expenses of litigation;

F. Trial by jury as to all issues;

G. Prejudgment interest at the rate allowed by law;

H. Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

I. Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 15th day of December, 2025.

**CHARLES HERMAN LAW**

/s/ Charles Herman
Charles Herman
Georgia Bar No. 142852
*Attorney for Plaintiff*

127 Abercorn St., Ste. 208
Savannah, GA 31401
Telephone: (912) 244-3999
Facsimile: (912) 257-7301
charles@charleshermanlaw.com

# EXHIBIT 1

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Savannah Local Office
7391 Hodgson Memorial Drive, Suite 200
Savannah, GA 31406
(912) 358-2810
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/29/2025

**To:** Mrs. April D. Addison

Charge No: 415-2025-01310

EEOC Representative and email:    Donald House
Investigator
donald.house@eeoc.gov

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 415-2025-01310.

On behalf of the Commission,

Digitally Signed By: Jennifer Bessick
09/29/2025

Jennifer Bessick
Director

**Cc:**
David N. Korsen
Constangy, Brooks, Smith & Prophete, LLP
230 Peachtree Street, N.W., Suite 2400
Atlanta, GA 30303

Suzanne Loughlin
Fuji Oil USA
120 Brampton Road
Savannah, GA 31408

Charles Herman
Charles Herman Law, LLC
127 Abercorn Street, Suite 208
Savannah, GA 31401


Please retain this Notice for your records.

# **EXHIBIT 2**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Savannah Local Office**
7391 Hodgson Memorial Drive, Suite 200
Savannah, GA 31406
(912) 358-2810
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/15/2025

**To:** April D. Addison

Charge No: 415-2025-02634

EEOC Representative and email:    Donald House
Investigator
donald.house@eeoc.gov

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 415-2025-02634.

On behalf of the Commission,

Digitally Signed By: Jennifer Bessick
12/15/2025
Jennifer Bessick
Director

**Cc:**

Suzanne Loughlin
Fuji Vegetable Oil, USA
120 Brampton Rd.
Savannah, GA 31408

Charles Herman Esq.
Charles Herman Law
127 Abercorn St., Suite 208
Savannah, GA 31401


Please retain this Notice for your records.